UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 07-22714-CIV-ALTONAGA

| | |
|---|---|
| Rally Manufacturing Inc. | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| Old World Industries, Inc. | ) ) |
| Defendant | ) ) ) |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION TO LIFT STAY**

On November 30, 2009, Plaintiff, Rally Manufacturing Inc. ("Rally"), moved this Court to lift the stay entered in this action by the Order of April 7, 2009. A hearing on that Motion is currently scheduled for December 28, 2009. Defendant, Old World Industries, Inc. ("Old World"), does not oppose Rally's Motion yet responds to the statements made by Rally in its Memorandum as follows. Accordingly, Old World respectfully requests that the Court grant Rally's Motion without a hearing and enter a date for a scheduling conference at which time the Court could enter a scheduling order and a protective order governing the disclosure and use of confidential information. Counsel for Old World has conferred with Attorney Joseph W. Berenato, of the law firm of Berenato & White, LLC, counsel for Rally, regarding this request and on December 17, 2009, Attorney Berenato confirmed that Rally is agreeable to postponing/eliminating the hearing scheduled for December 28, 2009, and that counsel will confer and submit an agreed schedule to the Court in January 2010.

1

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On May 1, 2007, Rally filed a patent infringement claim against Pylon Manufacturing Corp. ("Pylon") alleging that Pylon infringed Rally's U.S. Patent No. 6,279,746 (the " '746 Patent") by marketing "reclosable" packaging for wiper blades, *Rally Manufacturing Inc. v. Pylon Manufacturing Corporation*, Case No. 07-21150-CIV KING/Garber ("the Pylon Action"). Specifically, Rally alleged that Pylon commissioned Rally's overseas manufacturer to produce infringing reclosable packaging products.

On August 1-2, 2007, Judge King held an evidentiary hearing on Rally's request for a preliminary injunction against Pylon. After hearing evidence and argument from the parties, the Court found that (i) Rally had not satisfied its burden warranting the entry of an injunction and (ii) Pylon successfully raised issues that would cast doubt on the validity, and doubt on the infringement, of the '746 Patent, the same patent that is at issue in the instant action.

On October 12, 2007, Rally initiated the instant action against Old World for infringement of the '746 Patent. As it asserted in the Pylon Action, Rally alleges that Old World has infringed Rally's '746 Patent by marketing "reclosable" packaging for wiper blades. *See* Complaint and Jury Trial Request ("Complaint") (DE 1), ¶¶ 9-10.

On March 6, 2008, Old World filed its Answer, Affirmative Defenses, Counterclaims, and Jury Trial Demand (DE 11) in the instant action, answering Rally's allegations pertaining to its patent infringement claim and asserting a counterclaim against Rally seeking declaratory relief in the form of judicial determinations that the '746 Patent has not been infringed and/or is invalid. In addition to its counterclaim as to non-infringement and invalidity of the '746 Patent, as its second affirmative defense to Rally's patent infringement claim, Old World asserted that the '746 Patent is invalid for failure of the alleged invention to satisfy the conditions for

patentability set forth in Title 35, United States Code, including, without limitation, §§ 102, 103, and 112. (DE 11, 4.) On March 20, 2008, Rally filed its Answer to Counterclaims asserted by Old World (DE 13). Discovery has not yet begun in the instant action.

On April 7, 2009, this court issued an Order staying the instant action pending resolution of the Pylon Action. (DE 28) As stated in the Status Report filed by the parties on December 3, 2009, the Pylon Action settled prior to trial and was dismissed on September 18, 2009 (DE 42). As such, the issues of the validity of the '746 Patent and infringement remain unadjudicated.

**II.   RALLY IMPROPERLY ASSERTS THAT STATEMENTS BY JUDGE KING IN THE PYLON ACTION MAY HAVE A COLLATERAL ESTOPPEL EFFECT OR OTHERWISE BE RELEVANT TO THE PRESENT ACTION**

Collateral estoppel precludes a party from litigating an issue of ultimate fact that has already been decided in a prior adjudication. *Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.*, 575 F.2d 530, 535-36 (5th Cir. 1978). To invoke collateral estoppel, a party must demonstrate four elements:

> (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989). "The party seeking to invoke collateral estoppel bears the burden of proving that the necessary elements have been satisfied." *Id*. at 1566 (citing *Matter of Merrill*, 594 F.2d 1064, 1067 (5th Cir. 1979)). In precluding a party from litigating an issue, the court must be satisfied not only that the party against whom estoppel is urged has had a full and fair opportunity to litigate the issues in the prior proceeding but also

3

that application of the doctrine, under the circumstances, will not result in injustice to the party. *Rachal v. Hill*, 435 F.2d 59, 62 (5th Cir. 1970).

Applying the elements of collateral estoppel to the instant action, any statements made or opinions formed by Judge King in the Pylon Action clearly have no relevance or preclusive effect in this action. The issues of validity and infringement were not decided in the Pylon Action. Nor did Old World, not a party to the Pylon Action, have any opportunity to be heard on those or any other any issues in the Pylon Action. Any comments or statements made by Judge King or opinions formed by Judge King in the Pylon Action were made without any input from Old World or consideration of Old World's position. Old World is entitled to be heard on and fully litigate the issues of validity and infringement.

Rally asserts that Judge King conducted a lengthy *Markman* hearing and that he delivered a ruling regarding infringement of the '746 Patent that is "relevant to [this] matter." This is not correct. Throughout the Pylon Action, Judge King expressly refused to hold a *Markman* hearing and stated that claim construction would occur at or just before the jury instruction conference. *See* Order Denying Motion for Claim Construction and a Markman Hearing, April 29, 2008 (DE 80).

In support of their assertion, Rally submitted a partial quote from a pretrial conference held before Judge King in May 2008, sixteen (16) months before the Pylon Action settled. In that pretrial conference, Judge King again stated that he would provide a claim construction at the jury instruction phase.

> I've already told you back when we took the preliminary injunction, when we do [claim construction] I suggested the time was to listen to it in the trial and to deal with [claim construction] now at the jury instruction phase.

Trans. at pg. 53, Pretrial Conference.  After listening to both parties' claim construction positions, Judge King instructed the parties to prepare a preliminary jury instruction incorporating the Rally's claim construction position.  *Id*.  Judge King then went on to again instruct the parties that claim construction would occur at the jury instruction phase.

> So the court will listen to the evidence at the trial and if required or needed by either side, make a more definitive decision on [the claim construction] issue if it is further required by way of consideration or by the point of the conclusion of the evidence but before the jury is instructed.  So [the claim construction] can be, if need be, included in jury instructions. … But that's the point where further consideration of the *Markman* matter will be taken up.

Trans. at pg. 67-68, Pretrial Conference.

As the parties have advised the court, the Pylon Action was settled without a decision on the merits.  The issues of the validity of the '746 Patent and infringement remain unadjudicated.  Even if Judge King had made a finding in favor of Rally, that finding would not be binding upon Old World.  Nor would that finding have any relevance or preclusive effect in this action.  *See Edward Valves, Inc. v. Cameron Iron Works, Inc.*, 286 F.2d 933, 937 (5th Cir. 1961) ("A decision adjudging a patent valid is binding neither as res judicata nor as estoppel by judgment in suits against different parties involving different prior art."); *accord*, *Barracuda International Corp. v. F.N.D. Enterprises, Inc.*, 1982 U.S. Dist. LEXIS 17717, 222 U.S.P.Q. (BNA) 134 (S.D. Fla. May 17, 1982).

### III.   CONCLUSION

Defendant Old World Industries does not oppose Rally's Motion to Lift Stay in the instant action.  Old World does dispute that any statements made or opinions formed by Judge King in the Pylon Action are relevant to this or any other issue in this action.

Further, as Rally's Motion is unopposed, judicial resources will be conserved if Rally's Motion is granted without a hearing and a scheduling conference is scheduled for early 2010.

Additionally, as stated above, Rally's counsel has agreed to postpone/eliminate the December 28, 2009 hearing. For these reasons and for the reasons outlined above, Old World respectfully requests that the Court grant Rally's Motion without a hearing and issue a new Order setting a date for a scheduling conference in this action.

                Respectfully Submitted,

                **HUNTON & WILLIAMS LLP**

                /s/ Marty Steinberg
                Marty Steinberg
                Florida Bar Number: 187293
                msteinberg@hunton.com
                Rafael R. Ribeiro
                Florida Bar Number 896241
                rribeiro@hunton.com
                1111 Brickell Avenue
                Suite 2500
                Miami, FL 33131
                Tel: 305-810-2500
                Fax:  305-810-2460

                and

                **MCANDREWS HELD & MALLOY LTD**
                Ronald A DiCerbo
                rdicerbo@mcandrews-ip.com
                Steven J. Hampton
                shampton@mcandrews-ip.com
                500 West Madison Street, 34th Floor
                Chicago, IL 60661
                Tel:  312-775 8000'
                Fax:  312-775 8100

                *Attorneys for Old World Industries, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 17, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that this document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Steven Ira Peretz
speretz@kpkb.com
**PERETZ CHESAL & HERRMANN, PL**
201 S. Biscayne Boulevard
Miami, FL  33131
Tel: 305-341-3000
Fax: 305-371-6807

And

Joseph W. Beranato, III
*Pro Hac Vice*
jberenato@bwsiplaw.com
John M. White
*Pro Hac Vice*
jwhite@bwsiplaw.com
**BERENATO & WHITE, LLC**
Suite 240
6550 Rock Spring Drive
Bethesda, Maryland
Tel: 301-896-0600
Fax: 301-896-0607

**Counsel for Plaintiff**

                                                                                                         /s/ Marty Steinberg
                                                                                                             Marty Steinberg